```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MONTANA
                    MISSOULA DIVISION
_____
```

KENDAL FORMAN,

                                                            CV 06-40-M-DWM-JCL

         Plaintiff,

  vs.                           FINDINGS & RECOMMENDATION
                                                   OF UNITED STATES
                                                   MAGISTRATE JUDGE

LISA LAUINGER, and
JOHNSON, RODENBURG & LAUINGER,

         Defendants.
_____

This matter comes before the Court on the parties' cross-motions for summary judgment on Plaintiff's claims for fraud and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Upon consideration of the briefs and materials of record, the Court enters the following:

**RECOMMENDATION**

**IT IS RECOMMENDED** that the Plaintiff's Motion for Summary Judgment be **GRANTED** as to his allegation that Defendants violated Section 1692g of the FDCPA by continuing their collection efforts without verifying the debts, and **DENIED** as to all remaining claims. Defendants' Motion for Summary Judgments should correspondingly be **DENIED** with regard to Plaintiff's FDCPA claim,

Findings and Recommendation/ Page 1

and **GRANTED** in all other respects.  Forman should be awarded $1,000 in statutory damages and costs of his lawsuit.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

              DONE and DATED this 7th day of May, 2007

                      /s/ Jeremiah C. Lynch
                      Jeremiah C. Lynch
                      United States Magistrate Judge

**RATIONALE**

### I.  Background

The Defendants in this action are a North Dakota debt collection law firm by the name of Johnson, Rodenburg & Lauinger, and one of its individual attorneys, Lisa Lauinger ("Defendants").  Pl.'s State. Uncontroverted Facts, ¶ 8.  On April 5, 2005, Defendants sent Plaintiff Kendal Forman ("Forman") a letter explaining that Citibank of South Dakota "ha[d] employed [the] law firm to obtain payment of a claim against [him] in the amount of $5,458.85 for [a] Citibank(South Dakota) debt."  Compl. (March 13, 2006), Exh. A.  Approximately one month later, on May 3, 2005, Defendants sent Forman a similar letter, this time

seeking to collect on a Citibank debt in the amount of $7,943.66. Compl. Exh. B.  Both letters advised Forman that if he "dispute[d] the validity of all or any portion of this debt, [he] must notify this office within 30 days of receipt of this notice," at which point Defendants would "obtain verification from [the] creditor and mail [him] a copy."  Compl. Exhs. A, B.

On May 5, 2005, before the thirty day period for doing so expired, Forman advised Defendants in writing that he disputed the Citibank debts upon which they sought to collect.  Compl. Exhs. C, D.  Also before the thirty day validation period had expired, Defendants filed a collection action against Forman in Montana state court.  Pl.'s Br. in Support (Nov. 29, 2006) Exh. A.  Some five months later, on October 7, 2005, the state court entered a default judgment against Forman in the amount of $14,717.51.  Compl. Exh. F.

In March 2006, Forman commenced this action in which he asserts Defendants made various false and misleading statements and violated several provisions of the Fair Debt Collection Practices Act.  The parties have filed cross-motions for summary judgment on all claims.

## II. Summary Judgment Standards

A party moving for summary judgment bears the burden of demonstrating "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A movant may satisfy that burden where the documentary evidence produced by the

Findings and Recommendation/ Page 3

parties permits only one conclusion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, at 248.

### III. Discussion

The parties have filed cross-motions for summary judgment on Forman's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as his common-law fraud claim.

#### A. Common Law Fraud

Forman argues the Defendants committed fraud "by falsely stating in their April 5, 2005, and May 3, 2005, letters that [they] were employed by Citibank," to collect on the debts at issue.  Pl.'s Br. in Support, 3 (Nov. 29, 2006).  He claims Defendants cannot prove Citbank actually "employed" them to

collect upon the debts, and argues that this alleged misrepresentation "tainted" the state court proceedings.  Forman thus takes the position that the default judgment entered by the court was "fraudulently obtained" and is of no legal effect.

Defendants have moved to summarily dismiss this claim on the basis that Forman has "failed to plead or prove facts that would satisfy each of the [nine] elements of fraud." Defs.' Br., 3 (Dec. 20, 2006).  Defendants are correct.

A complaint alleging fraud must satisfy the heightened pleading standards set forth in Fed. R. Civ. P. 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[1]  To prevail on his motion for summary judgment and withstand Defendants' cross-motion, Forman must plead and proffer evidence of the following nine elements of fraud:

> 1) a representation ; 2) the falsity of the representation; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) the speaker's intent that it should be relied on; 6) the hearer's ignorance of the falsity of the representation; 7) the hearer's reliance on the representation; 8) the hearer's right to rely on the representation; and 9) consequent and proximate injury caused by reliance on the representation.
>
> *C. Haydon Limited v. Montana Mining Properties, Inc.*, 864 P.2d 1253, 1256 (Mont. 1993).

Nowhere in Forman's complaint does he plead the above elements with the requisite specificity.  Even assuming he had done so, his claim fails as a matter of law because he has not

---

[1] Mont. R. Civ. P. 9(b) imposes an identical burden.

Findings and Recommendation/ Page 5

proffered evidence of each essential element on summary judgment. Specifically, Forman alleges that Defendants committed fraud by falsely representing to him that Citibank had employed them to collect on the debts at issue. But he points to nothing in the record to substantiate this allegation. Defendants, in contrast, have submitted an affidavit indicating they were indeed "employed by Citibank to obtain payment of its claims against [Forman] on his credit card accounts...."[2] Affid. Lisa Lauinger, ¶ 2 (Dec. 19, 2006). Lauinger explains that "at the time the dunning letters were sent to plaintiff," and "at the time suit was initiated" in state court, "defendants were in the employ of Citibank." Affid. Lauinger, ¶¶ 3, 4. Defendants also point to affidavits from Citibank employees which were filed in support of Citibank's request for default judgment, in which they explain that the attorneys representing Citibank in that action "were retained for the purpose of collecting the delinquent debt[s] owed." Affid. Lauinger, Exhs. 1 & 2.

Because Forman offers nothing more than conclusory allegations to the contrary, he has failed to raise a genuine issue of material fact as to at least one of the necessary

---

[2] Forman has objected to Lauinger's affidavit. *See* Plaintiff's Objection to Affidavits (Jan 12, 20070). His objections are without merit.

Findings and Recommendation/ Page 6

elements of a common-law fraud claim.[3]  Defendants are therefore entitled to judgment as a matter of law on Forman's fraud claim.

### B. Fair Debt Collection Practices Act Claims

Forman also claims that Defendants violated the FDCPA's debt validation provisions and its prohibition against the use of unfair or unconscionable means to collect on a debt.

The FDCPA requires that a debt collector inform a debtor of his right to dispute the validity of a debt.  15 U.S.C. § 1692g(a).  The debt collector must provide that notice in writing, and do so within five days following its initial communication with the debtor.  15 U.S.C. § 1692g(a).  Specifically, the debt collector must notify the debtor that it will assume the debt is valid "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof...."  15 U.S.C. 1692g(a)(3).

As required by Section 1692g(a), Defendants advised Forman in writing on April 5, 2005 and May 3, 2005, that he had the right to dispute the debts and request verification within thirty days.  Compl. Exhs. A, B.  Forman timely exercised that right on May 5, 2005, when he sent Defendants two letters in which he indicated he disputed the debts upon which they sought to collect.  Compl. Exhs. C, D.

---

[3] The Court notes that to the extent Forman seeks to challenge the validity of the state court judgment, the challenge should have been presented to the state court by way of motion under Mont. R. Civ. P. 60(b).

Findings and Recommendation/ Page 7

Where, as here, a debtor disputes the debt within the thirty-day period, then "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment against the consumer" and mails "a copy of such verification or judgment" to the consumer. 15 U.S.C. 1692g(a)(4)&(b).  In other words, Section 1692g "gives debt collectors two options when they receive requests for validation. They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities."  *Jang v. A.M. Miller and Associates*, 122 F.3d 480, 483 (7th Cir. 1997) (*citing Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992)).  If they simply cease all subsequent collection activities, they need not verify the debt. *See Sambor v. Omnia Credit Services, Inc.*, 183 F.Supp.2d 1234, 1242 (D. Hawaii 2002).  Nothing in Section 1692g(a) "actually require[s] validation to be sent to a debtor within a certain amount of time, or ever."  *Sambor*, 183 F.Supp.2d at 1242.  The statute simply requires that "a debt collector must 'cease' collecting a debt until the debt collector has verified the debt and sent that verification to the debtor."  *Sambor*, 183 F.Supp.2d at 1242.  It does "not require both cessation of collection efforts and verification of a debt."  *Sambor*, 183 F.Supp.2d at 1242.

Forman claims that Defendants violated Section 1692g(a) by filing a collection action in state court before the thirty day period within which he was entitled to request validation had expired.  Pl.'s Br., 5-6.  The record now before the Court indeed indicates that Defendants filed a debt-collection complaint in state court on May 4, 2005.  Pl's. Br. in Support, Exh. A.  Defendants thus filed suit before the thirty day validation period triggered by their April 5, 2005 and May 3, 2005, letters had expired.

As Defendants correctly note, however, Section § 1692g does not preclude all collection activity during that thirty-day period.  By its terms, Section 1692g "simply requires that any ongoing collection efforts cease once a debtor disputes a debt within the thirty-day period."  D*itty v Checkrite, Ltd., Inc.*, 973 F.Supp. 1320, 1329 (D. Utah 1997).  The statute "contains no express requirement that collection efforts be delayed until the thirty-day period has passed."  *Ditty*, 973 F.Supp. at 1329.

In this case, Forman did not dispute the debts in writing until after Defendants had filed their collection action in state court.  Because Defendants had not yet received written notice that Forman disputed the debts, Section 1692g did not preclude them from engaging in collection activities.  Section 1692g does provide, however, that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to

dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

Forman argues that Defendants "overshadowed" his right to dispute the debt by filing the collection action. According to Defendants, however, Forman was not served with a copy of the pleadings in that collection action until June 26, 2005, well after expiration of the thirty day validation period. Affid. Lauinger, ¶ 7. Defendants also state that they "did not communicate to or inform Plaintiff that the suit had been filed" at any time before he was served. Affid. Lauinger, ¶ 7. Forman presents no evidence or argument to the contrary. Because the Defendants did not serve the complaint on Forman or otherwise communicate with him until after the expiration of the thirty-day validation period, the fact that they filed a collection complaint within that thirty-day period did not contradict or "overshadow" his right to dispute the debt. Finally, the fact that Forman timely disputed the debts illustrates that his right to do so was not "overshadowed" by the complaint, with which he had not yet been served.

While Defendants did not violate Section 1692g(b) by filing a collection complaint in state court before they received written notice that Forman disputed the debts, once they received that notice they were obligated to cease all collection efforts until they provided Forman with verification. The question, then, is whether Defendants provided Forman with the requested verification before resuming their collection activities. A debt

Findings and Recommendation/ Page 10

collector need not do much to verify a debt.  According to the Ninth Circuit, "[a]t the minimum, 'verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006).

There is nothing in the record now before the Court on summary judgment, however, to establish that Defendants satisfied even this minimal standard.  According to Forman, "Defendants obtained [the October 2005 default] judgment against [him] in the Montana Court without validating/verifying the alleged debts." Affid. Kendal Forman, ¶ 12 (Nov. 29, 2006).  Forman similarly alleges in his verified complaint[4] that "[a]s of the date of the filing of this Complaint, Petition, and Claim, no procedurally proper lawful validations of the alleged debts have ever been presented to Plaintiff nor have Defendants ever attempted such validations."  Compl. ¶ 18.  Defendants do not point to anything in the record to establish that they provided even the minimal form of verification deemed sufficient by the Ninth Circuit.

As noted above, however, their apparent failure to provide verification is not, by itself, sufficient to establish a violation of the FDCPA.  If Defendants simply ceased all of their

---

[4] *See Lopez v. Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc) ("A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence.").

Findings and Recommendation/ Page 11

collection activities upon receiving notice that Forman contested the debts, they would not have had to provide any verification. While the record now before the Court is admittedly sparse, what information there is establishes that Defendants did in fact resume their collection activities. Most significantly, the record indicates that Defendants obtained a default judgment against Forman on the debts in October 2005.[5]  Compl. Exh. F. To obtain such a judgment, Defendants would have had to demonstrate "by affidavit or otherwise" that Forman had "failed to plead or otherwise defend" against their lawsuit. Mont. R. Civ. P. 55(a). Pursuing such a default judgment on the debts for which Forman had sought verification constitutes a collection activity. See Bartlett v. Heibl, 128 F.3d 497, 502 (7th Cir. 1997) (upon receiving written notice, a debt collector must stop pursuing any legal action, which would include a default judgment).

    While Forman's complaint is less than artful, he does allege he "received documentation of the Montana Court filing" while he was still "in good faith, waiting for procedurally proper, lawful validations of the alleged debts." Compl. ¶ 14. Defendants have pointed to nothing in response to Forman's motion or in support of their own cross-motion to establish that they verified the debts before resuming their collection activities. Defendants

---

[5] The Court entered a single default judgment on the two debts, and awarded Defendants their attorney fees and collections costs. The total amount of the default judgment was $14,717.51. Compl. Exh. F.

Findings and Recommendation/ Page 12

have failed to raise a genuine issue of material fact as to whether they resumed their collection activities without first providing Forman with the verification he requested, thereby violating the statutory validation provisions set forth in Section 1692g.[6]

### C. Damages

In his motion for summary judgment, Forman "seeks actual damages of $14,717.51, which is the amount of [what he maintains is] the fraudulently obtained judgment in the Montana Court." Pl.'s Br. in Support, 6.  He "also seeks $1,000.00 in statutory damages for each [alleged] violation of 15 U.S.C. §§ 1692-1692o amounting to $2,000.00 plus his costs of suit in the amount of $500.00".  Pl.'s Br. in Support, 6.  He requests no other damages on summary judgment.  Defendants have in turn moved for summary judgment as to all of Forman's claims.

For the reasons set forth above, the Court concludes based on the record as it now stands that Forman is entitled to summary judgment on his claim that Defendants violated Section 1692g of

---

[6] Having so concluded, this Court need not address Forman's alternative argument that Defendants conduct also violated Section 1692f, which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Forman's claim arises out of the same conduct by the Defendants. A plaintiff may only recover up to $1,000 in statutory damages per legal action. *See e.g. Barber v. National Revenue Corp.*, 932 F.Supp. 1153, 1155-56 (W.D.Wis. 1996); *Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) (statutory damages limited to $1,000 per lawsuit); *Wright v. Finance Serv. of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994) (concluding that plaintiff's statutory damages are limited to $1,000 "per proceeding" rather than "per violation").

Findings and Recommendation/ Page 13

the FDCPA by resuming their collection activities without first providing Forman with the verification he requested.[7]  Forman is thus entitled under 15 U.S.C. § 1692k to actual damages, such additional damages as this court may allow up to $1,000, the costs of the action, and a reasonable attorney's fee.  Forman seeks actual damages in the amount of $14,717.51, which is the amount of the default judgment.  But because Defendants' FDCPA violation did not cause the credit card debt for which the default judgment was entered, he is not entitled to recover those damages in this litigation.  Furthermore, because Forman has at all times relevant to this action represented himself pro se, he is not entitled to recover attorney's fees.

This leaves only statutory damages of up to $1,000 for the violation, and any costs of the action.  In assessing statutory damages, this Court must consider "among other relevant factors...the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b).  Based on the present record, this Court concludes that Defendants' failure to verify the debts as requested was a serious and deliberate violation justifying an award of $1,000 in statutory damages.  Forman is also entitled to his costs of suit, in an amount to be later determined by the clerk of court.

---

[7] Were Defendants to point to some material of record establishing that they provided the requisite verification, they would be entitled to summary judgment on this claim as well.

Findings and Recommendation/ Page 14

## IV. Conclusion

Based on the foregoing, it is recommended that Defendants' motion for summary judgment be denied to the extent they seek to summarily dismiss Forman's claim that they violated Section 1692g of the FDCPA, and granted in all other respects.  It is further recommended that Forman's motion for summary judgment be granted as to his allegation that Defendants violated Section 1692g of the FDCPA by continuing their collection efforts without verifying the debts, and denied in all other respects.  Forman is entitled to $1,000 in statutory damages and costs of his lawsuit.