FILED
MISSOULA, MT

2007 MAY 31 AM 8 05

PATRICK E. DUFFY
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| KENDAL FORMAN, | ) | CV 06-40-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LISA LAUINGER, and | ) | |
| JOHNSON, RODENBURG & LAUINGER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Kendal Forman brought suit against Defendants Lisa Lauinger and Johnson, Rodenburg & Lauinger, alleging common law fraud and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. The parties filed cross-motions for summary judgment. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on May 7, 2007. Judge Lynch recommended granting Plaintiff's motion for summary judgment as to his allegation that Defendants violated § 1692g of the FDCPA by continuing their collection efforts without verifying the debts, and denying the motion in all other

-1-

respects. In particular, Judge Lynch determined Plaintiff failed to present any evidence showing Defendants falsely represented to him that Citibank had employed them to collect on Plaintiff's debts. Thus, Judge Lynch recommended granting Defendants' motion for summary judgment with respect to Plaintiff's fraud claim. Judge Lynch did not address Plaintiff's claim that Defendants violated the FDCPA's prohibition against the use of unfair or unconscionable means to collect on a debt. Judge Lynch had already determined Defendants violated the FDCPA's debt validation provision, and a plaintiff is only permitted to recover up to $1,000 in statutory damages in a single lawsuit under the FDCPA. Finally, Judge Lynch determined Plaintiff was entitled to $1,000 in statutory damages and costs. Judge Lynch recommended denying Plaintiff's request for actual damages in the amount of $14,717.51 because Defendants' FDCPA violation did not cause the credit card debt on which this request was based.

Plaintiff timely objected to the Findings and Recommendation. In his objections, Plaintiff urges the Court to reject Judge Lynch's Findings and Recommendation because it addresses a factual issue not appropriate for summary judgment. The factual issue identified by Plaintiff is "whether the defendants provided the plaintiff with notice regarding the collection of a debt as alleged third party debt collectors." It is unclear exactly which of his claims Plaintiff's objection

relates to. It does not appear to relate to his fraud claim or Judge Lynch's determination that Plaintiff is not entitled to actual damages for Defendants' violation of the FDCPA. Moreover, Plaintiff was successful on his FDCPA claim, and thus, there is no reason to object to Judge Lynch's determination in that regard. To the extent Plaintiff's objection relates to the state court proceeding in which Defendants obtained a default judgment against Plaintiff, the federal court is not the appropriate forum to challenge that state court judgment. Because Plaintiff's objection does not relate to any of Judge Lynch's specific findings or determinations, the Findings and Recommendation will be reviewed for clear error. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). After a review of Judge Lynch's Findings and Recommendation, I find no clear error and thus adopt the Findings and Recommendation in full.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Plaintiff's Motion for Summary Judgment (dkt #32) is GRANTED as to his allegation that Defendants violated § 1692g of the FDCPA by continuing their collection efforts without verifying the debts,

and DENIED as to all remaining claims. Defendants' Motion for Summary Judgment (dkt #36) is DENIED with regard to Plaintiff's FDCPA claim, and GRANTED in all other respects. Plaintiff is awarded $1,000 in statutory damages and costs of his lawsuit.

The Clerk of Court is direct to enter final judgment in this case consistent with this Order.

Dated this 31 day of May, 2007.

Donald W. Molloy, Chief Judge
United States District Court